**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SPARKS INSTALLATION
SERVICES, INC.,

      Plaintiff,

v.                                            Case No.: 8:05-cv-51-T-24 MSS

PRIME TV, LLC and PRIME
INSTALLS, LLC,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc. No. 34). Defendants oppose this motion. (Doc. No. 38).

### I. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. Id. at 325. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a

genuine issue for trial. Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

## II.  Background

Defendant Prime TV marketed digital satellite subscriptions to end users pursuant to an agreement with DirecTV. (Doc. No. 38, Ovsenik affidavit). Prime TV arranged for installation of service for customers through Defendant Prime Installs. Id. Prime Installs entered into contracts with local installers to perform the installation of digital satellite television service for DirecTV customers acquired by Prime TV. Id. Prime Installs arranged for installation of services by Plaintiff Sparks Installation Services. Id.

Plaintiff alleges the following in its amended complaint (Doc. No. 27): On April 13, 2004, Plaintiff and Defendants Prime TV and Prime Installs entered into an Installation Payment Agreement, wherein Defendants acknowledged that they owed Plaintiff $730,896.00 for past installation services. (Doc. No. 27, Ex. A). Plaintiff and Defendants agreed that Defendants' total indebtedness would be reduced to $224,000.00 on the condition that payments by

Defendants or their designee were made pursuant to an agreed payment schedule. Id. On June 22, 2004, the parties amended the Installation Payment Agreement by increasing the total indebtedness owed to $244,000.00 and changing the payment schedule. (Doc. No. 27, Ex. B).

The installation payment agreements provide the following regarding a default:

> In the event a payment is not timely made, as set forth in the payment schedule . . ., then the entire amount of the unpaid balance of $730,896.00, less any payments received from Prime TV, Prime Installs, or their designee, or other third parties, plus interest and reasonable hourly attorneys' fees will be immediately due and payable to Sparks.

(Doc. No. 27, Exs. A, B). Plaintiff contends that Defendants defaulted on their payment obligations. (Doc. No. 27).

### III. Motion for Summary Judgment

Plaintiff contends that it is entitled to summary judgment, because there is no issue of fact regarding whether Defendants defaulted on the installment payment agreements. Specifically, Plaintiff argues that according to their answers to interrogatories, Defendants admitted that they only paid $94,000 of the $244,000 that they owed Plaintiff under the installation payment agreements. (Exhibits attached to (Doc. No. 34). Plaintiff argues that since Defendants defaulted, there is no genuine issue of material fact regarding whether Defendants owe Plaintiff
$636,896.00 under the default provision ($730,896 - $94,000 in payments made by Defendants).

Defendants respond that a genuine issue of material fact exists. Specifically, Defendants point out that Plaintiff has failed to provide an affidavit or other evidence showing the amount of payments received towards Defendants' indebtedness from Defendants' designee or third parties. Additionally, Defendants argue that DirecTV, their designee, paid Plaintiff at least $489,695.20

towards Defendants' indebtedness.[1] (Doc. No. 38, Ovsenik affidavit). Defendants contend that at least a portion of the $489,695.20 was paid before the alleged default, and as such, it is possible that default may not have occurred (after considering the total amount of payments made by Defendants and DirecTV). Id. Alternatively, Defendants argue that if they did in fact default, there is an issue of fact regarding how much was paid to Plaintiff by Defendants and DirecTV, and therefore, there is an issue of fact as to how much Plaintiff is owed under the default provision.

The Court agrees that a genuine issue of material fact exists as to how much Defendants, their designees, and third parties paid to Plaintiff, and therefore, an issue of fact exists as to whether Defendants still owe Plaintiff any money (and if so, how much). Therefore, the motion for summary judgment must be denied.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment (Doc. No. 34) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of August, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] On March 27, 2004, DirecTV abrogated its contract with Prime TV. (Doc. No. 38, Ovsenik affidavit). Prime TV instituted an arbitration proceeding against DirecTV. Id. Through discovery in that arbitration, Prime TV learned that DirecTV made payments to Sparks Installation Services totalling $489,695.20. Id.